**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| ALTON F. WILSON, | DOCKET NUMBER |
| Appellant, | CH-0714-20-0600-I-1 |
| v. | |
| DEPARTMENT OF VETERANS AFFAIRS, | DATE: March 4, 2024 |
| Agency. | |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Jason Matthews, Esquire, Dayton, Ohio, for the appellant.

Matthew O. Kortjohn, Dayton, Ohio, for the agency.

## BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

## FINAL ORDER

The appellant has filed a petition for review of the initial decision, which sustained the agency's decision to remove him from Federal service. On petition for review, the appellant challenges the administrative judge's credibility determinations, which formed the basis of the initial decision. Petition for Review (PFR) File, Tab 1 at 11-17. Generally, we grant petitions such as this one

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

only in the following circumstances:  the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115).  After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review.  Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision.  5 C.F.R. § 1201.113(b).

The administrative judge appropriately found that the agency's removal action, which was based on a charge of Inappropriate Conduct stemming from a complaint from a female coworker of unwanted physical touching, was supported by substantial evidence.  Initial Appeal File (IAF), Tab 19, Initial Decision (ID) at 4-9.  In doing so, he assessed the credibility of, among others, the appellant and the complaining witness against him, and he credited the complaining witness's version of events.  ID at 8-9.  Because a hearing was held below, and the administrative judge's credibility determinations are based, in part, on witness demeanor at the hearing, we defer to those credibility determinations, absent a sufficiently sound reason to disturb those findings.  *See Purifoy v. Department of Veterans Affairs*, 838 F.3d 1367, 1372-73 (Fed. Cir. 2016); *Haebe v. Department of Justice*, 288 F.3d 1288, 1301 (Fed. Cir. 2002).

We have carefully reviewed the appellant's arguments on review, which primarily seek to highlight purported internal and external inconsistencies in witness testimony and written statements.  PFR File, Tab 1 at 11-14.  However, we conclude that the appellant's examples of inconsistent testimony or written

statements either concern matters not related to the encounter at issue between the appellant and the female coworker or they are not actual inconsistencies in the first instance.[2] Accordingly, we find that the appellant has failed to establish a "sufficiently sound" reason to disturb the administrative judge's credibility determinations, and we defer to them here.[3] *Haebe*, 288 F.3d at 1301.

Additionally, the administrative judge correctly considered whether the penalty of removal, as a part of the agency's overall adverse action decision, was

[2] We have also reviewed the appellant's other claims regarding the complaining witness's credibility, specifically, his assertion that her version of events is inherently improbable because she previously stated that his past behavior made her uncomfortable and it would have been "counterintuitive" for her to voluntarily be alone in his presence, and his assertion that she failed to follow agency policy on reporting inappropriate conduct. PFR File, Tab 1 at 15-18. We find that these assertions do not constitute "sufficiently sound" reasons to disturb the administrative judge's credibility determinations. *Haebe*, 288 F.3d at 1301.

[3] After the record closed on review, the appellant filed a motion for leave to file an additional pleading. PFR File, Tab 5. In his motion, he asserts that, in the time that passed since filing his petition for review, he was adjudicated not guilty on the criminal charge of sexual imposition, a charge which, he claims, relates to his physical interaction with the female coworker at issue in this appeal. *Id*. at 4-5. He requests that the Board permit him to file a supplemental petition for review addressing the not guilty verdict and to submit the docket from the criminal case showing that he was acquitted. *Id*. at 5. As explained by the Office of the Clerk of the Board, PFR File, Tab 6, the Board's regulations do not provide for pleadings other than a petition for review, a cross petition for review, a response to the petition for review or cross petition for review, and a reply to a response to a petition for review, 5 C.F.R. § 1201.114(a)(5). Additionally, the Board generally will not consider an argument raised for the first time on review absent a showing that it is based on new and material evidence not previously available despite the party's due diligence. *Clay v. Department of the Army*, 123 M.S.P.R. 245, ¶ 6 (2016). Regardless of whether appellant's request is based on new evidence that was not available prior to the close of record on review, we find that evidence of an acquittal is not material to the outcome of this appeal. The Board has acknowledged the different standards of proof in criminal actions and administrative actions, where the former is based on proof beyond a reasonable doubt, and the latter applies a lower standard of proof, such as preponderant or substantial evidence. *See generally Rodriguez-Ortiz v. Department of the Army*, 46 M.S.P.R. 546, 548 (1991) (explaining that a criminal acquittal is not binding in a civil action due to the differing standards of proof); *Adams v. Department of Transportation*, 16 M.S.P.R. 158, 161 (1983), *aff'd*, 802 F.2d 470 (Fed. Cir. 1986) (Table), *and aff'd sub nom. Stephens v. Department of Transportation*, 802 F.2d 468 (Fed. Cir. 1986) (Table). It has further explained that, when the charged misconduct in an administrative action concerns the underlying conduct and not the fact of a conviction, as is the case here, such misconduct

supported by substantial evidence. ID at 10-11; *see Sayers v. Department of Veterans Affairs*, 954 F.3d 1370, 1375-79 (Fed. Cir. 2020). In doing so, he relied on testimony from the deciding official, who testified that he gave great weight to the fact that the appellant's misconduct negatively impacted another employee and had a greater impact on the agency's mission than other types of misconduct because it threatens the sense of safety and comfort felt by employees. ID at 10; IAF, Tab 15, Hearing Recording (HR) (testimony of the deciding official). The appellant has not challenged the administrative judge's conclusion that the agency's selection of the penalty of removal is supported by substantial evidence, and we discern no reason to disturb it. *See Payne v. U.S. Postal Service*, 74 M.S.P.R. 419, 428-30 (1997) (concluding that removal was within the maximum limits of reasonableness for conduct involving sexual harassment with physical contact arising out of a single incident, despite nearly 10 years of service with no prior disciplinary record), *aff'd*, 135 F.3d 776 (Fed. Cir. 1998) (Table).

Accordingly, we affirm the initial decision.

## NOTICE OF APPEAL RIGHTS[4]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their

___

may be sustained notwithstanding the dismissal of the criminal charges. *See Larry v. Department of Justice*, 76 M.S.P.R. 348, 355 (1997). Accordingly, the appellant's acquittal on the criminal charge has no effect on the outcome in this administrative action. Therefore, we deny the appellant's motion for leave to file an additional pleading. *See* 5 C.F.R. § 1201.115(d).

[4] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) <u>Judicial review in general</u>**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

(2) **Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file

with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[5]  The court of appeals must <u>receive</u> your

---

[5] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

petition for review within **60 days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:           *Gina K. Grippando*
                               _____
                               Gina K. Grippando
                               Clerk of the Board

Washington, D.C.